UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| JAMES TROY NELSON, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | Civil Action No. 5:10cv-182-R |
| | ) | |
| JAILER BRAD BOYD, | ) | |
| | ) | **Electronically Filed** |
| **Defendants** | ) | |

## ANSWER

Comes the Defendant, Brad Boyd, by counsel and for his Answer to the Plaintiff's Complaint states:

1. This Defendant admits so much of numerical Paragraph I. (A) (1) as alleges at the time of the filing of this Complaint, James Troy Nelson was confined in the Christian County Jail 410 West Seventh Street, Hopkinsville, Kentucky 42240. This Defendant affirmatively states the Plaintiff James Troy Nelson is no longer an inmate at the Christian County Jail.

2. This Defendant admits Paragraph I. (B) (1) as alleges the Defendant, Brad Boyd is the duly elected Christian County Jailer and according to the Complaint he is being sued in his official capacity.

3. This Defendant is without sufficient knowledge, information or belief to admit or deny the allegations of II. of the Plaintiff's Complaint regarding previous lawsuits and therefore denies same.

4. In III. of the Plaintiff's Statement of Claim, the Plaintiff alleges as follows:

(a) "On September 21, 22, 2010 I James T. Nelson was given the wrong medication on both days by Deputy Epastein."

Response:   This Defendant denies that allegation.

(b) "On September 21, 2010 I took the medicine. I slept for almost twenty-four hours because of the medication they had given me inmate Brian Baker's medications."

Response:   This Defendant denies that allegation.

(c) "I did not know the difference."

Response:   This Defendant is without sufficient knowledge, information or belief to admit or deny that allegation and therefore denies same.

(d) "The medication consisted of 300 mg of Thorazine, 800 mg Neurotin, and a blood pressure pill."

Response:   This Defendant admits, according to jail records, inmate Baker's medication consisted of those items.

(e) "These medications could cause me health problems or even death."

Response:   This Defendant is without sufficient knowledge, information or belief to admit or deny this allegation and therefore denies same.

(f) "These are powerful medications."

Response:   This Defendant is without knowledge, information or belief to admit or deny this allegation and therefore deny same.

(g) "Christian County Jail does not have any way to identify inmates in their cells."

Response:    This Defendant denies this allegation.

(h) "We have no identification on us."

Response:    This Defendant admits this allegation.

(i) "We just tell them who we are at the food slot."

Response:    This Defendant denies this allegation.

(j) "Deputies pass out medication three times a day."

Response:    This Defendant admits this allegation.

(k) "They have no idea who they are giving medication to."

Response:    This Defendant denies this allegation.

(l) "It is on a memory basis only."

Response:    This Defendant denies this allegation.

(m) "There is no way they can remember every inmate in this jail."

Response:    This Defendant admits this allegation.

(n) "This is a very dangerous situation and can be catastrophic to any inmate."

Response:    This Defendant, based upon this Defendant's knowledge of the system utilized by the jail for the administration of medication denies this is a dangerous situation and further, that it could "be catastrophic to any inmate."

(o) "I have not felt the same since I took the medication."

Response:    This Defendant is without sufficient knowledge, information or belief to admit or deny this allegation and therefore deny same.

(p) "Something needs to be done about this before someone else gets hurt."

Response: This Defendant denies this allegation, and affirmatively states adequate processes are in place for the administration of medication to inmates at the jail.

### AFFIRMATIVE DEFENSES

5. This Defendant pleads the Plaintiff's comparative/contributory negligence as a bar to the Plaintiff's Complaint.

6. This Defendant pleads the Plaintiff's failure to exhaust administrative remedies in the Prison Litigation Reform Act as a bar to the Plaintiff's claim.

7. Any affirmative allegation of the Plaintiff made toward this Defendant, not specifically addressed herein is denied.

8. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

9. As an affirmative defense, the Plaintiff's 8th Amendment claim against this Defendant fails to allege conditions posing a substantial risk of serious harm to the Plaintiff.

10. This Defendant pleads governmental/sovereign immunity as bar to the Plaintiff's Complaint.

11. This Defendants plead 42 U.S.C. 1997e as a bar to the Plaintiff's Complaint.

12. The Plaintiff failed to exhaust administrative remedies and his claim is barred as a result. 18 U.S.C.A. 3626 et seq.

WHEREFORE, this Defendant demands that the Plaintiff's Complaint be dismissed and held for naught; his cost and attorney fees herein expended; trial by jury; and, such other and further relief to which these Defendants may appear entitled.

Respectfully submitted this 24th day of November, 2010.

        s/Harold M. Johns
        Harold M. Johns
        Herbert E. Patrick
        12 Public Square
        P.O. Box 746
        Elkton, Kentucky 42220
        Telephone: (270) 265-2912
        Facsimile: (270) 265-2054
        hmjohns@johnslawfirm.com
        *Attorneys for the Plaintiffs*

        J. Michael Foster
        209 East Fourteenth Street
        Hopkinsville, Kentucky 42241-0024
        Telephone: (270) 887-4114)
        Facsimile: (270) 886-3910
        mfoster@hopkinsville.net
        *Co-Counsel*

**CERTIFICATE OF SERVICE**

The following document was placed in the U.S. Mail postage prepaid and mailed to the following on this 24th day of November, 2010:

Mr. James T. Nelson
Inmate #204446
c/o Webster County Jail
P.O. Box 216
Dixon, KY 42409-0216

        s/Harold M. Johns